UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE BERRY.,

    Plaintiff,

v.

Case No. 13-11755
Hon. Lawrence P. Zatkoff

DAVID BURGESS,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on 22ND , 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff submitted his *pro se* complaint [dkt 1] and application to proceed *in forma pauperis* [dkt 2] on April 18, 2013. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is DENIED and Plaintiff's *pro se* complaint is DISMISSED.

## II. ANALYSIS

**A. Plaintiff's Request to Proceed** ***In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical

error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court has reviewed Plaintiff's application and has determined that he is not entitled to proceed *in forma pauperis*. The financial information in the application does not indicate that Plaintiff is unable to pay the filing fee; therefore, the Court DENIES Plaintiff's application to proceed *in forma pauperis* [dkt 2].

**B. Review of Plaintiff's Complaint**

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). After reviewing Plaintiff's complaint, the Court concludes that Plaintiff has failed to state any claim upon which relief can be granted.

Here, Plaintiff filed his complaint against Defendant David Burgess ("Burgess"). Defendant Burgess was one of many attorneys that represented Plaintiff in a criminal matter before Judge Gershwin

Drain of this District. Plaintiff alleges that, "Defendant deprived Plaintiff this Right [*i.e.*, a Speedy and Public Trial] by violating Federal Statute 18 U.S.C. 4 'Misprision of Felony' by not only representing Plaintiff by filing the appropriate motions with the Court on Plaintiff's behalf but also failing to inform the proper authorities of AUSA Varner's crimes." As a result of these allegations, Plaintiff purportedly seeks monetary relief against Defendant Burgess.

This criminal statute, however, does not authorize any private civil cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). Moreover, as a private citizen, Plaintiff "has no authority to initiate a federal criminal prosecution of [D]efendant[] for his alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)). As such Plaintiff's claim under Title 18 of the United States Code must be dismissed.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              Hon. Lawrence P. Zatkoff
                                              U.S. District Judge

Date: May 22, 2013